## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:** _____

Anthony Delcavo,
    Plaintiff

v.

Amsher Collections Services, Inc.,
    Defendant

_____

## COMPLAINT AND JURY DEMAND
_____

### NATURE OF ACTION

1.    This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Anthony Delcavo ("Plaintiff"), is a natural person who at all relevant times resided in the State of Colorado, County of Douglas, and City of Castle Rock.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Amsher Collections Services, Inc. ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal cellular telephone bill.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. On August 8, 2011, Plaintiff placed a call to T-Mobile to cancel a cellular telephone contract.

12. On or about August 8, 2011, Plaintiff filed a complaint against T-Mobile with the Federal Communications Commission.

13. In a letter dated August 10, 2011, Sharon Bowers, Acting Chief of the Consumer Inquiries and Complaints Division of the FCC, informed T-Mobile of the complaint made by Plaintiff.

14. In a letter dated August 31, 2011, addressed to the FCC, in response to Plaintiff's complaint, T-Mobile's agent and/or employee "Lupe Chase" stated that T-Mobile had "placed a $30.00 good will adjustment on his account." (See August 31, 2011 Correspondence, attached hereto as Exhibit A).

15. On or about September 14, 2011, Plaintiff mailed a check in the amount of $212.03 to T-Mobile, along with a letter dated September 13, 2011, stating that the check represented accord and satisfaction for any and all amounts owed. (See September 13, 2011 Correspondence, attached hereto as Exhibit B).

16. Colo. Rev. Stat. § 4-3-311(a)-(b) provides:

If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.

(b) Unless subsection (c) of this section applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

3

17. Colo. Rev. Stat. § 4-3-311(c)(1) provides the following exception:

Subject to subsection (d) of this section, a claim is not discharged under subsection (b) of this section if either of the following applies:

(1) The claimant, if an organization, proves that (i) within a reasonable time before the tender, the claimant sent a conspicuous statement to the person against whom the claim is asserted that communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to a designated person, office, or place, and (ii) the instrument or accompanying communication was not received by that designated person, office, or place.

18. Upon information and good-faith belief, at no time has Defendant sent such a conspicuous statement to Plaintiff.

19. On September 19, 2011 T-Mobile negotiated Plaintiff's $212.03 check via electronic debit. (See February 23, 2012 Payment Statement, attached hereto as Exhibit C).

20. Upon information and good-faith belief, T-Mobile deducted the $212.03 from Plaintiff's balance.

21. Upon information and good-faith belief, T-Mobile deducted $30.00 good will adjustment from Plaintiff's balance.

22. Subsequently, upon information and good-faith belief, T-Mobile place the alleged debt with Defendant.

23. In connection of the collection of an alleged debt in default, Amsher sent Plaintiff initial written communication dated December 1, 2011, which stated in relevant part:

    Creditor Acct#:    430876236

| | |
|---|---|
| Creditor: | T-MOBILE |
| Principal: | $ 1126.65 |
| Total Due: | $ 1126.65 |
| ACS Account#: | 12475399 |
| Access Code: | 1.10529985.515 |

24.     In its December 1, 2011 written communication, Defendant falsely represented the amount of the alleged debt.

25.     On December 6, 2011, Plaintiff sent a written response to Amsher's December 1, 2011 letter, which stated in relevant part: "In accordance with your instructions I am disputing the validity of the debt referred to in your attached letter."

26.     Upon information and good-faith belief, Amsher received Plaintiffs written dispute on or about December 20, 2011.

27.     Upon information and good-faith belief, Amsher has not yet provided Plaintiff with verification of the debt.

28.     Despite its failure to respond to Plaintiff's demand for verification, on or about March, 2012, Amsher reported the alleged debt referenced by account number "12475399" in the amount of $1,126.00 on Plaintiff's credit report. (See March 6, 2012 Correspondence, attached hereto as Exhibit D).

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

29.     Plaintiff repeats and re-alleges each and every allegation contained above.

30.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(8)

31. Plaintiff repeats and re-alleges each and every allegation contained above.

32. Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(8);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

33. Plaintiff repeats and re-alleges each and every allegation contained above.

34. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting the balance of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

 b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

 c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

 d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(b)

35. Plaintiff repeats and re-alleges each and every allegation contained above.

36. Defendant violated 15 U.S.C. § 1692g(b) by, after receiving a written dispute of the alleged debt, failing to cease collection of the alleged debt until obtaining verification and mailing a copy of such verification to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby demands a trial by jury.

**Respectfully submitted,**

November 2, 2012

**/s/ Craig J. Ehrlich**
**Craig J. Ehrlich**
**Weisberg & Meyers LLC**
**5025 N. Central Ave., #602**
**Phoenix, AZ 85012**
**Telephone: (602) 445 9819**
**Facsimile: (866) 565 1327**
**Email: CEhrlich@AttorneysForConsumers.com**